**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**COORSTEK, INC.**                                                    **PLAINTIFF**

**V.**                     **CASE NO. 4:06CV01726**

**ELECTRIC MELTING SERVICES
COMPANY, INC.**                                             **DEFENDANT**

## ORDER

Following the presentation of evidence and testimony of witnesses during a jury trial held in the above matter on December 2 - 5, 2008 the jury returned a verdict in favor of Coorstek, Inc. ("Coorstek") on its claim of breach of implied warranty against Electric Melting Services, Company, Inc. ("EMSCO"). The jury awarded damages in the amount of $77,576.00. The Court took the Plaintiff's motion for judgment as a matter of law under advisement.

### Judgment as a Matter of Law

Under Rule 50 of the Federal Rules of Civil Procedure, a court should render judgment as a matter of law when " a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue". *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000). In considering the motion, the Court should review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party. *Id*. at 150. The court may not make credibility determinations or weigh the evidence as these functions are left to the jury. *Id.*

In reviewing the evidence presented at trial, the Court finds that EMSCO is not entitled to a judgment as a matter of law. EMSCO argues that Coorstek filed this action well outside of the one year statute limitations provided by the contract. The Court previously addressed this issue

in denying EMSCO's motion for summary judgment. For the reasons set forth in the Court's January 15, 2008 Order, EMSCO's motion for judgment as a matter of law on the issue of the statute of limitations is denied.

EMSCO also moved for judgment as a matter of law arguing that Coorstek failed to plead or prove notice as required in order to state a cause of action for breach of warranty. *L.A. Green Seed Co. v. Williams*, 246 Ark. 463, 438 S.W.2d 717 (1969). In alleging a cause of action for breach of contract, Coorstek's complaint alleges that "All conditions precedent have been completed by Coorstek to recover for this breach." ( First Amended Complaint ¶11). In responding to Paragraph 11 of Plaintiff's Amended Complaint, EMSCO admitted that "it entered into an agreement with plaintiff to provide new coils . . . [but] otherwise deni[ed] the remaining allegations of paragraph 11 of the Amended Complaint." ( Answer to Amended Complaint ¶11). Federal Rule of Civil Procedure 9(c) states that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." EMSCO raised the issue of inadequate notice for the first time during the motion for judgment as a matter of law at the close of all of the evidence. The Court finds the general allegation contained in Coorstek's complaint sufficient to plead notice, further EMSCO waived its right to argue lack of notice by failing to state with the issue with particularity in its responsive pleading. Finally, the Court finds that the parties tried this issue by consent. *See, Industrial Electronic Supply, Inc. v. Lytle Mfg., L.L.C.,* 94 Ark. App. 81, 226 S.W.3d 1 (2006). The Court finds that sufficient evidence of notice was provided to support the jury's verdict in favor of Coorstek.

For these reasons, Defendant's motion for judgment as a matter of law is denied, a

judgment will be entered forthwith.

    IT IS SO ORDERED this 8th day of December, 2008.

                                                     _____
                                                     James M. Moody
                                                     United States District Judge