IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**COORSTEK, INC.**                                                                                    **PLAINTIFF**

V.                                    CASE NO.  4:06CV01726

**ELECTRIC MELTING SERVICES
COMPANY, INC.**                                                                                   **DEFENDANT**

## ORDER

Pending are Defendant's renewed motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) (docket # 71) and Plaintiff's renewed motion for judgment as a matter of law or, in the alternative, for a new trial (docket # 72).  Following the presentation of evidence and testimony of witnesses during a jury trial held in the above matter on December 2 - 5, 2008 the jury returned a verdict in favor of Coorstek, Inc. ("Coorstek") on its claim of breach of implied warranty against Electric Melting Services, Company, Inc.  ("EMSCO").  The jury awarded damages in the amount of $77,576.00.  The Court denied the Plaintiff's and Defendant's motions for judgment as a matter of law at trial with the exception of Defendant's motion for judgment as a matter of law based on the failure to plead and prove notice, which the Court took under advisement.  The Court entered an order denying this portion of Defendant's motion on December 8, 2008.

By definition, a Rule 50(b) motion is a renewal of a prior Rule 50(a) motion made at the close of the evidence.  Fed.R.Civ.P. 50(b) *see also, Conseco Fin. Servicing Corp. v. N. Am. Mortgage, Co.*, 381 F.3d 811, 821 (8th Cir.2004) ("The grounds for the renewed motion under Rule 50(b) are limited to those asserted in the earlier Rule 50(a) motion.").   In considering a motion for judgment as a matter of law, the Court must view the evidence most favorably to the

nonmoving party and draw all reasonable inferences in its favor. *Liberty Mut. Fire Ins. Co. v. Scott*, 486 F.3d 418, 422 (8th Cir.2007). "If the evidence viewed according to this standard would permit reasonable jurors to differ in the conclusions they draw, judgment as a matter of law cannot be granted." *Id., quoting Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co.*, 477 F.3d 583, 593 (8th Cir.2007).

The Court has previously considered EMSCO's arguments and found that EMSCO is not entitled to a judgment as a matter of law.  The Court finds that sufficient evidence was presented to support the jury's verdict.  Evidence was presented that EMSCO was aware of the particular purpose for which the coils were required (requiring the coils to be compatible with the entire system) and that the product was not fit for that purpose.  Thus, for the reasons stated in the record and in the Court's Order dated December 8, 2008,  Defendant's motion for judgment as a matter of law is denied.

Plaintiff argues that the amount of damages awarded by the jury is against the great weight of the evidence and the Court should grant a judgment against EMSCO in the amount of $216,504 the total amount of damages requested by Plaintiff.  In the alternative, Plaintiff asks the Court to grant a new trial on the issue of damages.  In reviewing the sufficiency of the evidence to support the jury's verdict, the Court must interpret the record in a light most favorable to the prevailing party, affirming unless no reasonable juror could have reached the same conclusion. *Anderson Marketing, Inc. v. Maple Chase Co.*, 241 F.3d 1063, 1065 (8th Cir.2001).   A new trial motion based on a dispute about the strength of the supporting proof should be granted only "if the verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice." *Jones v. TEK Indus., Inc.,* 319 F. 3d 355, 358 (8th Cir. 2003).

The jury answered interrogatories finding that there was a breach of an implied warranty

of fitness for a particular purpose that was a proximate cause of the occurrence in question and returned a general verdict awarding damages in the amount of $77,576.00.  The Court instructed the jury as follows on the issue of damages:

Jury Instruction No. 14

If an interrogatory requires you to assess the damages of Coorstek, you must then fix the amount of money that will reasonably and fairly compensate it for the following elements of damages:

1. The reasonable cost of repairs to the furnace and its component parts including any incidental tax liability;
2. The reasonable value of any product lost by reason of its damages;
3. Lost profits.

Whether these elements of damage have been proved by the evidence is for you to determine.

Plaintiff argues that the evidence supporting a damages award of $216,504 was introduced at trial and was not controverted.  The Court disagrees.  Defendant denied liability for any damages throughout trial and the parties presented conflicting evidence regarding proximate causation. "The amount of damages awarded is a function of the jury, not the court, and a court should not set aside a verdict simply because it might have reached a different conclusion. The jury's verdict should not be set aside or altered unless it 1) is flagrantly excessive or inadequate, 2) is so out of reason as to shock the conscience or sense of justice, 3) raises a presumption it is the result of passion, prejudice, or other ulterior motive, or 4) is lacking in evidentiary support." *Schooley v. Orkin Extermination, Co., Inc*. 502 F.3d 759, 768 (8th Cir. 2007)(citations omitted).

Based upon the evidence presented, the Court cannot state that the verdict is "flagrantly inadequate," lacking in evidentiary support or that allowing the verdict to stand would result in a

miscarriage of justice. Accordingly, Plaintiff's renewed motion for judgment as a matter of law, or in the alternative, for a new trial is denied.

Wherefore, the pending motions are denied. (Docket #'s 71 and 72).

IT IS SO ORDERED this 12th day of February, 2009.

_____
James M. Moody
United States District Judge