IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**COORSTEK, INC.**                                                                                   **PLAINTIFF**

V.                               CASE NO.  4:06CV01726

**ELECTRIC MELTING SERVICES**
**COMPANY, INC.**                                                                             **DEFENDANT**

**ORDER**

Plaintiff has filed an application for attorney's fees and costs (Docket # 86) to which the Defendant has responded.  After consideration of the application and briefs, the Court will award attorney's fees in the amount of  $44,607.00 and costs in the amount of $350.00.

Following a jury trial, a judgment was entered in Plaintiff's favor on its breach of implied warranty claim in the amount of $77,576.00.  Plaintiff did not succeed on its breach of contract or express warranty claims.  Plaintiff asks for attorney's fees in the amount of $245,096.50 and costs in the amount of $53,480.40.  The billing record that accompanied plaintiff's request reflect total time of 1,265.80 hours spent on the case by two law firms calculated at hourly rates ranging from $258 to $85 for attorney and paralegal time.

Defendant objects to the plaintiff's fee arguing that based on the limited verdict, it achieved greater success and should be considered the prevailing party.  Defendant also argues that the fees and costs requested are grossly disproportionate to Plaintiff's recovery.

Ark. Code Ann. §16-22-308 provides that in any action to recover on a contract the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and

collected as costs. In determining the "prevailing party" the court must look to the entire case and not in terms of a particular issue or action therein. *CJ Bldg. Corp. v. TRAC-10*, 368 Ark. 654, 249 S.W.3d 793 (2007). Looking at the case as a whole, the Court finds Coorstek, Inc. to be the prevailing party. In exercising the discretion allowed by statute the Court finds the lodestar determination helpful. The "lodestar" determination is the number of hours reasonably expended multiplied by the applicable hourly market rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In making the lodestar determination, the Court also considers the twelve factors approved in *Ladies Center, Nebraska, Inc. v. Thone*, 645 F.2d 645 (8th Cir. 1981) (adopting guidelines set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)):

    (1)    time and labor required;
    (2)    novelty and difficulty of the questions;
    (3)    skill requisite to perform the legal service properly;
    (4)    preclusion of other employment, due to acceptance of case;
    (5)    the customary fee;
    (6)    whether the fee is fixed or contingent;
    (7)    time limitations imposed by the client or the circumstances;
    (8)    the amount involved and the results obtained;
    (9)    the experience, reputation, and ability of the attorneys;
    (10)    the undesirability of the case;
    (11)    the nature and length of the professional relationship with the client;
    (12)    awards in similar cases.

*Hensley,* 461 U.S. at 434. Although there is no fixed formula for the determination of attorney's fees, similar factors have been considered in analyzing the appropriateness of an attorney fee award by the Arkansas Supreme Court. *Crockett & Brown, P.A. v. Courson*, 312 Ark. 363, 849 S.W.2d 938 (1993).

       In this case, the Court cannot separate the time spent by Plaintiff in achieving success on

the breach of implied warranty claim from those claims which the jury returned verdicts in favor of the Defendant. Nevertheless, Plaintiff partially prevailed. Plaintiff requested damages in the amount of $500,000 and received damages in the amount of $77,576.00. Because Plaintiff did not achieve a full recovery the Court finds it appropriate to reduce the fees requested based on its limited success. Accordingly, the Court finds that an award of $44,607.00 appropriate. In light of plaintiff's limited recovery, the award of fees seems adequate and is not intended as any criticism of the amount or quality of the efforts of plaintiff's counsel.

Plaintiff requests costs in the amount of $53,480.40 representing photocopying expenses, postage, long distance and fax charges, charges relating to depositions, expert services, auto, travel and out of pocket expenses.   Plaintiff requests $350.00 for costs for the filing fee. The costs in the amount of $350.00 for the filing fee will be allowed.

Although it is within the court's discretion to tax the costs of taking depositions, it is this Court's policy to disallow the costs for taking depositions and any fees associated therewith for discovery purposes. Accordingly, all deposition costs will be disallowed as incidental to normal preparation for trial.

The Court ordinally allows reimbursement for copies of exhibits used at trial. Therefore, the costs requested for copies will be disallowed without prejudice to renew if the plaintiff supplements the motion for costs to specify what costs can be attributed to the copying of exhibits.

Plaintiff's requests for costs for long distance, courier services, fax costs, expert expenses, postage, travel related expenses and out of pocket expenses will also be disallowed as incidental to normal preparation for trial.

IT IS SO ORDERED this 10th day of March, 2009.

                                                                                _____
                                                                                James M. Moody
                                                                                United States District Judge